591 F.2d 426
 Thomas TURPIN, Plaintiff-Appellant,
v.
Joseph MAILET and John Doe, Individually and as police
officers of the Police Department of the City of
West Haven, and City of West Haven, Defendants,
and
City of West Haven, Defendant-Appellee.
 No. 317, Docket 77-7345.
 United States Court of Appeals,
Second Circuit,
En Banc.
 Jan. 16, 1979.
 
 Before KAUFMAN, Chief Judge, FEINBERG, MANSFIELD, MULLIGAN, OAKES, TIMBERS, GURFEIN, VAN GRAAFEILAND and MESKILL, Circuit Judges.
 On remand from the Supreme Court of the United States to reconsider the judgment entered by this Court. City of West Haven v. Turpin, --- U.S. ----, 99 S.Ct. 554, 58 L.Ed.2d --- (1978), Vacating 579 F.2d 152 (2d Cir. 1978) (En banc ). Judgment reinstated to the extent that it reversed the District Court's dismissal of the complaint, and cause remanded to the District Court with instructions to permit plaintiff to proceed under 42 U.S.C. § 1983.
 PER CURIAM:
 
 
 1
 In Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court overruled Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and decided that under certain circumstances, local governments are liable under 42 U.S.C. § 1983 for invasions of constitutional rights. We have been directed to reconsider, in light of Monell, our prior ruling in this case that municipalities may be sued for damages directly under the 14th Amendment. See --- U.S. ----, 99 S.Ct. 554, 58 L.Ed.2d --- (1978), Vacating 579 F.2d 152 (2d Cir. 1978) (En banc ).
 
 
 2
 The Monell decision does not call into question Turpin's central thesis that federal courts have the power and the obligation under the general federal question jurisdiction to create remedies to redress constitutional grievances. See 579 F.2d at 157-60. An important element in our decision to imply a damages remedy against municipalities under the 14th Amendment, however, was that Congress had not supplied a vehicle by which the right in question could be vindicated. Id. at 157.
 
 
 3
 Monell held that § 1983 suits may be brought against municipalities under conditions essentially coextensive with those we imposed on the private right of action in Turpin. We therefore conclude that under the very rationale of our prior opinion there is no place for a cause of action against a municipality directly under the 14th Amendment, because the plaintiff may proceed against the City of West Haven under § 1983. Accordingly, we reinstate so much of our decision as reversed the dismissal of the complaint, and remand to the district court for further proceedings not inconsistent with this opinion.
 
 
 4
 VAN GRAAFEILAND, Circuit Judge, with whom MULLIGAN, TIMBERS, and MESKILL, Circuit Judges, concur, concurring in result:
 
 
 5
 Treating the Supreme Court's vacating order as a decision on the merits, See Board of Trustees of Keene State College v. Sweeney, --- U.S. ----, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978) (Stevens, J., dissenting), we concur in the majority opinion only so far as it holds that a cause of action may exist against the City of West Haven under 42 U.S.C. § 1983.