Mitchell FELDMAN, Plaintiff,

v.

The CITY OF NEW YORK, William Doyle, Luis A. Troche, and Robert McGuire, as Commissioner of the Police Department of the City of New York, Defendants.

No. 80 Civ. 616.

United States District Court, S. D. New York.

July 15, 1980.

Kaminsky & Breitbart, White Plains, N. Y., for plaintiff; Harvey A. Kaminsky, White Plains, N. Y., Walter L. Rich, Hartsdale, N. Y., of counsel.

Allen G. Schwartz, Corp. Counsel, New York City, for defendants; Nancy Stassinopoulos, Seth Cummins, New York City, of counsel.

LASKER, District Judge.

Mitchell Feldman brought this action against the City of New York, Police Officers William Doyle and Luis Troche, and Robert McGuire as Police Commissioner of the City of New York pursuant to the first, fourth, fifth, sixth, eighth, and fourteenth amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985, and 1986, and state law. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, and 1343. He invokes the pendent jurisdiction of this court with respect to his state claims.

The City and the Police Commissioner move for dismissal pursuant to F.R.C.P. 12(b)(6), or in the alternative, for summary judgment pursuant to F.R.C.P. 12(b) and 56(b). The motions for summary judgment are granted.

I.

On November 25, 1978, Feldman was arrested by Police Officers William Doyle and Luis Troche of the New York City Police Department and charged with the violation of three sections of the New York Penal Law: attempted assault in the third degree (§§ 110.00/120.00); disorderly conduct (§ 240.20); and loitering in the first degree

**538**

(§ 240.36). These charges were all dismissed on or about December 7, 1978.[1]

Feldman alleges that he was stopped and arrested by Officers Doyle and Troche without probable cause, and that after arrival at the station house he was beaten up by them without provocation. This abuse allegedly included "grabbing Plaintiff's head and banging it against a wall and hitting and kicking" him. (Complaint ¶ 9) Plaintiff was not told of the reasons for his detainment and arrest. (Id.) As a result of these acts plaintiff claims to have suffered serious physical and mental injuries. (¶ 10)

## II.

■ Plaintiff alleges injuries arising from violations of his rights under the fourteenth amendment and § 1983.[2] However, in *Turpin v. Mailet*, 591 F.2d 426 (2d Cir. 1979) (En Banc), on remand from the Supreme Court, the Second Circuit held that "there is no place for a cause of action against a municipality directly under the 14th Amendment, because the plaintiff may proceed . . . under § 1983." *Id.* at 427. Since *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), allows suits under § 1983 against municipalities it follows that in light of the *Turpin* decision "there is no place" for the fourteenth amendment claim here.

*Monell, supra*, held that local government entities may be sued under § 1983 when the injury has been caused by the execution of a government policy or custom. 436 U.S. at 694, 98 S.Ct. at 2037. However, municipalities and officials may not be held liable under § 1983 on the basis of *respondeat superior*. *Id.* at 691, 98 S.Ct. at 2036. The day before *Monell* was decided the Second Circuit handed down its first decision in *Turpin*, 579 F.2d 152 (2d Cir. 1978), based on a fourteenth amendment implied remedy of damages. The court held that:

"a damage action can be maintained against a municipality to redress injuries resulting from those actions of its employees that have been authorized, sanctioned or ratified by municipal officials or bodies functioning at a policy-making level [so it] is clear that the municipality, no less than the employee, has violated the Constitution."

(footnotes omitted) at 164–65. The actions must give rise to a claim "premised, not on a set of random circumstances, . . . but on concerted behavior by the supervisory body of the . . . Police Department." *Id.* at 167. On remand the Court of Appeals modified its earlier decisions only insofar as it had relied on the fourteenth amendment. In light of *Monell*, the court held that its earlier reasoning applied equally strong to the post-*Monell* remedy under § 1983. Although the § 1983 liability of the City and Commissioner in the instant case is alleged to be based on their "deliberate acts and gross negligence and reckless conduct in failing to adequately train, discipline and supervise [police officers] . . ." (Complaint ¶ 18), it is clear that *Turpin*'s high threshold standard for municipal liability has not been met. In *Owens v. Haas*, 601 F.2d 1242, 1246 (2d Cir. 1979) the Court of Appeals of this circuit defined the standard to be applied in holding a municipality liable in its own right as "gross negligence" and "deliberate disregard", mere failure to supervise being insufficient, favorably citing *Leite v. City of Providence*, 463 F.Supp. 585 (D.R.I.1978). "The training and supervision of these police officers must be so inadequate and the resulting misconduct so probable, that the city can fairly be considered to have acquiesced in the probability of serious police misconduct." *Leite* at 591. Here, Feldman has shown no facts to

1. In Plaintiff's Memorandum in Opposition to the motion the charges are referred to as having been "adjourned in contemplation of dismissal on December 7, 1978." (at 2) Defendants' counsel states in his Memorandum in Support of the motion that as of the date of that memo, March 14, 1980, the records of the

criminal proceeding were not obtainable. (at 2) The distinction would not be dispositive as regards the motion before the court.

2. Plaintiff's other federal claims were disposed of at a conference in chambers on June 27, 1980.

support his conclusion that his claims against the City or the Commissioner meet those standards. He does assert that these defendants are in sole possession of knowledge about the policies of the Police Department (Memo at 4) and that he is therefore at a loss in proving his allegations of the involvement of the municipal defendants. However, the affidavit of Joseph F. Veyvoda, Chief of Personnel of the New York City Police Department, in support of the motion, establishes that the practices and procedures of the department with respect to hiring, training and supervising its personnel are not inadequate. Plaintiff argues that he should be given the opportunity to conduct limited discovery of defendants and granted leave to amend his complaint pursuant to F.R.C.P. 56(f) and 15(a). (Memo at 5)

However, in the circumstances of this case further discovery would accomplish nothing. Feldman claims that the police officers, at the police station while he was in custody and under arrest, subjected him to a malicious and totally unprovoked beating of his head and body. Even the most minimal training (if any is necessary) obviously is sufficient to inform a policeman that beating a prisoner is impermissible; the training and supervision described in Chief Veyvoda's affidavit are clearly sufficient to justify the conclusion that neither the City nor the Commissioner was remiss in the employment or training of Officers Doyle and Troche.

Even bearing in mind the strong policy of this Circuit against granting summary judgment as so early a stage of the proceedings, *Heyman v. Commerce & Industry Insurance Co.*, 524 F.2d 1317 (2d Cir. 1975), the charges against the City and the Commissioner are dismissed.

### III.

■ Plaintiff also invokes the pendent jurisdiction of this court to support his claims for assault, false arrest, and malicious prosecution arising under state law. He argues that judicial economy would be served by hearing these claims against both the individual and municipal defendants at one trial, particularly since they are all represented by the same counsel. Whatever the virtue of the argument, the court lacks pendent jurisdiction in the circumstances of this case.

In *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the Court acknowledged the existence of "pendent claims" under *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), 427 U.S. at 9, 96 S.Ct. at 2418, but found no basis for allowing "pendent party" jurisdiction with respect to state claims in federal courts. The federal claims in *Aldinger* were based on § 1983, but because it was a pre-*Monell* case the county involved was not considered to be a "person" for the purposes of that section. Because there was no federal jurisdiction over the county there was no basis for exercising pendent jurisdiction over the state claims against it, and the Court held that because the jurisdiction of federal courts is limited, adding the county as a pendent party when it was not included in the class of "persons" covered by the applicable statute would go beyond Congress' intent. In the instant case, the City and the Commissioner are proper defendants under § 1983, but since, as indicated above, the § 1983 claim must be dismissed, no independent federal jurisdiction exists upon which to rest plaintiff's state claims against them.

Accordingly, the City and the Commissioner's motions for summary judgment are granted.

It is so ordered.