**David HARLEE, Plaintiff,**

v.

**Richard HAGEN, individually and in his official capacity as a police officer of the New York City Police Department; John Doe, individually and in his official capacity as a supervisory police officer of the New York City Police Department; Robert McGuire, individually and in his official capacity as Commissioner of the New York City Police Department; and the New York City Police Department, Defendants.**

No. 80 Civ. 3428.

United States District Court,
E. D. New York.

May 11, 1982.

Daniel L. Alterman, Stolar, Alterman & Gulielmetti, P. C., New York City, for plaintiff.

Richard Hartman, Little Neck, N. Y., for defendant Hagen.

Allen G. Schwartz, Corp. Counsel by Erica Garay, New York City, for city defendants.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 [1] and 28 U.S.C. §§ 2201 and 2202. [2] Plaintiff is David Harlee, a forty year old truck driver and resident of Brooklyn, New York. Defendants are Richard Hagen, a New York City police officer, John Doe, Officer Hagen's unidentified supervisor, the New York City Police Department and Robert McGuire, Commissioner of the New York City Police Department.

Defendants John Doe, Robert McGuire and the New York City Police Department (City defendants) move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion and cross-moves to amend his complaint and to compel discovery.

---

1. Title 42 U.S.C. § 1983 states in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2. Title 28 § 2201 states in relevant part:

In case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

Title 28 § 2202 states in relevant part:

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

## Facts

Plaintiff's claim arose from an altercation with defendant Hagen on the night of September 13, 1979. At approximately 9:00 P.M., plaintiff and defendant Hagen, who was off-duty, were involved in a minor automobile accident in which the front of defendant Hagen's vehicle collided with the rear of plaintiff's vehicle. Although the facts concerning the subsequent altercation are in dispute, it is uncontested that defendant Hagen unholstered his off-duty revolver, identified himself as a police officer and struck plaintiff on the head with his revolver several times. After the arrival of several on-duty New York City police officers, plaintiff was taken to a nearby hospital for treatment.

Plaintiff subsequently preferred criminal charges against Officer Hagen, resulting in an indictment charging him with Assault in the Second Degree. He was acquitted of the charge after a jury trial on July 17, 1980. Also, as a result of the altercation, Officer Hagen was suspended from the Police Department from September 27, 1979 to October 25, 1979. A disciplinary hearing was held on October 21, 1980 at which defendant Hagen pleaded guilty to the charge that he, on September 13, 1979, at approximately 9:00 P.M., "having been involved in a vehicular accident, property damage only, did wrongfully and without cause engage in an altercation with other motorist involved, one David Harlee." A second charge alleging that Officer Hagen "did wrongfully strike said David Harlee about the head with a pistol or revolver," was dismissed for plea purposes. The penalty recommended by the Deputy Commissioner of Trials and approved by Police Commissioner McGuire was forfeiture of defendant Hagen's salary and benefits during his suspension.

■ In the instant civil action plaintiff's complaint charges in part that (1) defendant Doe failed to properly supervise Officer Hagen's conduct as a police officer; (2) defendants McGuire and the New York City Police Department failed to supervise, investigate and remove police officers who failed to comply with laws, rules and regulations governing police conduct; (3) defendants McGuire and the New York City Police Department failed to implement a policy, practice or procedure requiring that police officers know and comply with rules and regulations pertaining to lawful arrests and the use of deadly and non-deadly force; and (4) defendants McGuire and New York City Police Department failed to implement a policy, practice or procedure requiring that police officers know and comply with the laws, rules and regulations governing their off-duty conduct. Plaintiff charges that the aforementioned failures resulted in substantial injury to his person and property and the willful deprivation of his right to liberty and equal protection guaranteed by the fourteenth amendment[3] and Section 1983 of Title 42, United States Code.

As pendent state action claims plaintiff alleges that defendants Doe, McGuire and New York City Police Department failed to discharge their duties as public officials in a reasonable and lawful manner, causing plaintiff to suffer substantial injury to his person and property. On all his enumerated claims plaintiff seeks declaratory and monetary relief.

### Plaintiff's Motion to Amend Complaint

Plaintiff now seeks in his cross-motion to amend the complaint pursuant to Fed.R. Civ.P. 15(a) to allege further that defendants Doe, McGuire and New York City Police Department, in their official and individual capacities, failed to properly train, supervise and discipline police officers, including Officer Hagen, such that their conduct was grossly negligent and constituted deliberate indifference proximately causing the deprivation of plaintiff's constitutional rights.

Federal Rule of Civil Procedure 15(a) states that:

**3.** Plaintiff's fourteenth amendment claims must be dismissed under *Turpin v. Mailet*, 591 F.2d 426 (2d Cir. 1979) (En Banc), *later op.* 619 F.2d 196 (2d Cir.), *cert. denied sub nom., Turpin v. West Haven*, 449 U.S. 1016, 101 S.Ct. 577 (1980). In *Turpin*, on remand from the Supreme Court, the Second Circuit held that because a municipality may be sued under 42 U.S.C. § 1983 it may not be sued under the fourteenth amendment. 591 F.2d at 427.

[A] party may amend his pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Plaintiff filed his original complaint on December 23, 1980. Defendant Hagen filed an answer to the complaint on February 26, 1981. Defendants Doe, McGuire and New York City Police Department moved to dismiss the complaint in lieu of filing an answer on February 2, 1981. On March 17, 1981 plaintiff and City defendants entered into a stipulation agreeing to hold the motion to dismiss in abeyance while plaintiff initiated limited discovery proceedings. After limited discovery took place, City defendants moved forward with their motion to dismiss pursuant to Rule 12(b)(6) and notice of plaintiff's cross-motion to amend the complaint was filed on January 8, 1982.

In view of the clear language of Rule 15(a) that a party may amend a pleading once as of right before a responsive pleading is served, plaintiff's application to the Court for permission to amend his complaint as to City defendants is unnecessary. City defendants' Rule 12(b)(6) motion, whether treated as a motion to dismiss or as a motion for summary judgment pursuant to Rules 12(c) and 56, is not a responsive pleading for the purposes of Rule 15(a). *McDonald v. Hall*, 579 F.2d 120 (1st Cir. 1978); *Williams v. Wilkerson*, 90 F.R.D. 168 (E.D.Va.1981). Nor is defendant Hagen's answer to the complaint a responsive pleading under Rule 15(a) which bars service of an amended complaint as a matter of course upon City defendants. *Pallant v. Sinatra*, 7 F.R.D. 293 (S.D.N.Y.1945). *See* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1481 (1971).

Even if plaintiff were not permitted to amend his complaint as of right, the Court would permit the amendment in the interests of justice. The year long delay in these proceedings was caused primarily by the stipulation between the parties holding in abeyance City defendants' motion to dis-

miss while plaintiff procured limited discovery. Plaintiff's motion to amend the complaint was brought promptly in response to City defendants' revival of their Rule 12(b)(6) motion.

Furthermore, City defendants can show no prejudice resulting from the amendment. In his original complaint plaintiff clearly alleged the events out of which his claims arose as well as his theories of liability. City defendants were on notice from the outset of this lawsuit that they would be called upon to defend their actions in supervising and disciplining defendant Hagen and other police officers. In discovery proceedings plaintiff sought, among other things, information concerning the training of police officers. City defendants refused to provide such information on the ground that failure to train was not alleged in the complaint. The amended complaint therefore adds such a charge—that City defendants failed to properly train police officers, including defendant Hagen. Defendants were on notice from the discovery proceedings that plaintiff wished to proceed on this claim.

The amended complaint also modifies plaintiff's theory of liability, alleging that City defendants' failure to properly train, supervise and discipline police officers, including defendant Hagen, amounted to gross negligence and deliberate indifference to plaintiff's constitutional rights. This amendment seeks to bring plaintiff's claim within the scope of the Supreme Court's decision in *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). City defendants' motion papers submitted prior to service of plaintiff's cross-motion indicate that they were well aware of the limits of their liability under *Monell.* They cannot reasonably argue at this time that they are unfairly surprised or prejudiced by the new allegations in plaintiff's amended complaint.

Defendant Hagen's answer to plaintiff's complaint on February 26, 1981 is a responsive pleading under Rule 15(a) and precludes plaintiff's amendment of the com-

plaint as to defendant Hagen as a matter of right; that question, therefore, is properly before this Court. Defendant Hagen did not oppose plaintiff's motion in this regard [4] and no undue prejudice will attach to defendant Hagen if the complaint is amended. Therefore, pursuant to Rule 15(a), the Court grants plaintiff's motion to amend the complaint as to defendant Hagen.

*City Defendants' Rule 12(b)(6) Motion*

Having determined that plaintiff may amend his complaint, City defendants' Rule 12(b)(6) motion will be considered as if it were made against the proposed amended complaint.

In support of their motion, City defendants have submitted an affidavit by Joseph Veyvoda, Chief of the Personnel Bureau of the New York City Police Department, supporting their assertion that they have "fully met every legal responsibility in regard to hiring, training and supervision of Officer Richard Hagen." Veyvoda Affidavit at 1. City defendants also have submitted a copy of a December 8, 1980 memorandum from the Police Department's Deputy Commissioner of Trials, Arnold N. Kriss, addressed to Robert McGuire, Police Commissioner, concerning the disciplinary proceeding brought against Officer Hagen as a result of his altercation with plaintiff.

In opposition, plaintiff has submitted a transcript of Officer Hagen's deposition for the purpose of showing that he was inadequately hired, trained and supervised by the moving defendants. The Veyvoda affidavit, Kriss memorandum and defendant Hagen's sworn deposition testimony are matters outside the pleadings which have not been excluded by the Court. Therefore, pursuant to the last sentence of Rule 12(b), the Court will treat the motion as one for summary judgment pursuant to Rule 56.

■ In this Circuit the requirements of Rule 56 are strictly enforced. To prevail on a motion for summary judgment the moving party must prove the absence of any

genuine issue of material fact and that he is entitled to judgment as a matter of law. The court must draw all reasonable inferences against the moving party, and if the party opposing the motion demonstrates that an issue as to a material fact exists summary judgment must be denied. *See American International Group, Inc. v. London American International Corporation, Ltd.,* 664 F.2d 348 (2d Cir. 1981).

Once the moving party has alleged and supported his position that no issue of fact exists, the burden on the party opposing the summary judgment motion is clearly set forth in subsection (e) of Rule 56. Subsection (e) states, in relevant part,

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ Thus, mere speculation that an issue of material fact exists is not enough to defeat a Rule 56 motion. *See Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 444 (2d Cir. 1980). Nor may a party opposing the summary judgment motion "rest upon mere conclusory allegations or denials" to prove that a genuine issue of fact exists. *See Gatling v. Atlantic Richfield Co.,* 577 F.2d 185, 187–88 (2d Cir.), *cert. denied,* 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978). Rather, the adverse party must bring forth specific facts through affidavits, pleadings, depositions, answers to interrogatories, admissions on file or other reliable means to show that a genuine issue of material fact exists. *See* Fed.R.Civ.P. 56(c).

■ In the instant case, plaintiff alleges that City defendants' failure to train, supervise and discipline police officers, including

---

**4.** Defendant Hagen did submit an affidavit by his attorney in opposition to City defendants'   12(b)(6) motion to dismiss.

defendant Hagen, constituted gross negligence which proximately caused the denial of his constitutional rights. Under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and its progeny, these allegations are sufficient to state a claim against City defendants. *See Owens v. Haas*, 601 F.2d 1242 (2d Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Leite v. City of Providence*, 463 F.Supp. 585 (D.R.I.1978).

In *Monell*, the Supreme Court held that local government bodies could be held liable for declaratory, monetary or injunctive relief under 42 U.S.C. § 1983 if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* 436 U.S. at 690, 98 S.Ct. at 2035–36. The Court further noted that local governing units also could be held liable under § 1983 for constitutional deprivations proximately caused by government " 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Id.* at 691, 98 S.Ct. at 2036. The Court held, however, that a local government body could not be held liable on a respondeat superior theory.

Subsequent cases have concluded that when the constitutional deprivation is caused by a failure to properly train or supervise employees, the governmental body's conduct must constitute "gross negligence" or "deliberate indifference" to plaintiff's constitutional rights. *Leite v. City of Providence*, 463 F.Supp. 585, 590–91 (D.R.I. 1978). This standard was accepted by the Second Circuit in *Owens v. Haas*, 601 F.2d 1242 (2d Cir. 1979).

The plaintiff in *Owens*, a prisoner in the Nassau County jail, charged that he was beaten without cause by seven prison guards. Plaintiff alleged that he was beaten after an argument with a corrections officer about plaintiff's refusal to leave his cell when ordered. According to Owens, the corrections officer left the cell and fif-

teen or twenty minutes later seven guards returned and beat plaintiff severely. At a hearing before a federal judge on the circumstances of the incident, a corrections officer testified that a "show of force" was sometimes needed to control an inmate who refused to obey an order and implied that in the absence of proper training a "show of force" might get out of hand. 601 F.2d at 1246.

Named as defendants were the corrections officers and the County of Nassau. The district court dismissed the claim against the county under Fed.R.Civ.P. 12(c), finding that plaintiff had not pleaded that the incident was the result of a county policy or custom, or one of several unprovoked beatings of which the county was aware. The court of appeals reversed, holding that the plaintiff's allegations described an incident so brutal that the county's gross negligence or deliberate indifference to plaintiff's constitutional rights could be inferred. The court stated:

> The brutal and premeditated nature of the beatings in this case and the number and rank of officers involved warrant the allowance of limited discovery so that plaintiff may attempt to substantiate a claim of "deliberate indifference" by the county to the violence of prison officials, stemming from a failure to train the guards in an adequate manner.

601 F.2d at 1246.

The appellate court further held that the incident need not be a part of repeated conduct for the county to be liable under § 1983. Rather, the court held that a single brutal incident may provide a sufficient causal link between the county's gross negligence or deliberate indifference and the deprivation of plaintiff's constitutional rights. The court stated, " '[A] municipality is fairly considered to have actual or imputed knowledge of the almost inevitable consequences that arise from the non-existent or grossly inadequate training of a police force.' " 601 F.2d at 1246–47, *quoting Leite v. City of Providence, supra*, 463 F.Supp. at 590–591. The *Owens* court found that the circumstances of the alleged

brutal beating were sufficient to suggest some official knowledge and agreement. The court held, therefore, that plaintiff Owens could amend his complaint and conduct limited discovery.

In the instant case plaintiff pleads in his amended complaint that City defendants' gross negligence in training, supervising and disciplining police officers concerning their off-duty conduct proximately caused the deprivation of his constitutional rights. As noted earlier, this allegation is sufficient to state a claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Services of the City of New York, supra; Owens v. Haas, supra.*

In support of their motion to dismiss the complaint City defendants refute plaintiff's charges through the Veyvoda affidavit and Kriss memorandum. Joseph Veyvoda, Chief of the Personnel Bureau of the New York City Police Department stated that prior to being appointed probationary police officer on June 30, 1969, defendant Hagen passed "a competitive civil service examination and successfully completed an exhaustive medical examination and background and character investigation." Veyvoda Affidavit, ¶ 3. Chief Veyvoda further stated that defendant Hagen successfully completed six months at the Police Academy, where "he studied various courses in Ethics and Conduct, Psychology and Police Relations, Human Relations, Race Relations and Civil Rights, Workshop on Human Relations, Negroes in America, Puerto Rican Culture and Customs and Demonstrations." Veyvoda Affidavit at ¶ 7.

Defendant Hagen successfully completed a one year probationary period as a police officer. His subsequent on-the-job evaluations have been satisfactory and he has been awarded three medals for his performance of his duties as an officer. Chief Veyvoda further stated that defendant Hagen was informed about developments in the law and police procedure and he received annual pistol training and attended lectures on the safe and proper use of force. Chief Veyvoda also asserted that prior to this incident the Police Department's Internal Affairs Division had not received any complaints of criminal conduct on the part of Officer Hagen. The only prior disciplinary measure taken against defendant Hagen involved his improper absence from his home while on sick report, which resulted in a fine of two days' pay and three days' vacation time. Veyvoda Affidavit at ¶¶ 12, 14.

Finally, Chief Veyvoda described various organizations within the Police Department that monitor the activities of police officers. Among these are the Inspectional Services Bureau, which deals with corruption, the Legal Bureau, which conducts in-service training regarding changes in the law, the Advocates Office, which prosecutes police officers for disciplinary violations, the Board of Ethics, which rules on matters of ethical conduct, the Firearms Discharge Review Board, which reviews all incidents of firearms discharge and the Civilian Complaint Review Board, which "investigates civilian complaints of unnecessary force, abuse of authority, discourtesy, and deragatory or abusive language against members of the Police Department." Veyvoda Affidavit at ¶ 13.

City defendants have submitted also a memorandum from Deputy Commissioner of Trials Kriss to Police Commissioner McGuire concerning the disciplinary proceeding against defendant Hagen as a result of the instant incident. As noted earlier, Officer Hagen pleaded guilty to having engaged in an altercation with plaintiff without cause. The recommended punishment approved by Commissioner McGuire was suspension and forfeiture of benefits from September 27, 1979 to October 25, 1979.

In opposition to City defendants' motion plaintiff submits the sworn deposition testimony of defendant Hagen which was taken on July 31, 1981. Defendant Hagen also opposes the instant motion and has submitted an affirmation by his attorney in support of that opposition. The affirmation by defendant Hagen's attorney, however, presents no facts which tend to prove that City defendants were grossly negligent or

deliberately indifferent to plaintiff's constitutional rights.

Relying on defendant Hagen's testimony plaintiff asserts in his memorandum of law that defendant Hagen claimed at the time of the altercation that he was arresting plaintiff for traffic infractions and assault. A crowd gathered and, according to plaintiff, defendant Hagen became nervous and was uncertain about how to control the crowd. Defendant Hagen testified that his training and supervision had never taught him to deal with crowds off-duty without a large back-up of police officers. Nor had he ever been supervised or trained to handle racially tense incidents such as the one that existed that night. Plaintiff's Memorandum of Law at 5.

Plaintiff further points to defendant Hagen's testimony that he had (1) never been instructed in community relations or racially tense situations, (2) never been tested as to changes in the law and police procedures, and (3) not been periodically screened to determine his continued psychological fitness to perform his duties as a police officer. Finally, plaintiff asserts that the Police Officer's Handbook fails to mention that the improper use of force would result in the institution of disciplinary proceedings. This observation leads plaintiff to conclude that "[c]onsequently police officers often violate the civil rights of citizens without the apprehension that they will never be disciplined for these actions." Plaintiff's Memorandum of Law at 8.

Drawing all reasonable inferences in favor of plaintiff the following may be said to be established. According to the uncontradicted assertions in Chief Veyvoda's affidavit and Deputy Commissioner Kriss' memorandum, prior to his appointment as a probationary police officer on June 30, 1969, defendant Hagen passed a civil service examination as well as an exhaustive medical examination and a background and character investigation. After his appointment defendant Hagen successfully completed six months at the police academy where it is uncontradicted that he studied courses concerning ethics, psychology and police rela-

tions, human relations, race relations, civil rights, Black culture, Puerto Rican culture, and demonstrations. Subsequently, defendant Hagen received annual pistol training and attended lectures on the safe and proper use of force. He also was informed about developments in the law. and police procedure.

Defendant Hagen completed one year as a probationary police officer and has subsequently performed his official duties satisfactorily. He has been awarded three medals for meritorious service but also has been disciplined for an unauthorized absence from his home while on sick report. As a result of the subject incident plaintiff was disciplined by suspension and forfeiture of benefits for twenty-eight days. The Police Department Internal Affairs Division had not received any complaint concerning criminal conduct on the part of defendant Hagen prior to the altercation with plaintiff.

Finally, a number of organizations oversee the workings of the Police Department and its members. They are the Inspectional Services Bureau, the Legal Bureau, the Advocates Office, the Board of Ethics, the Firearms Discharge Review Board and the Civilian Complaint Review Board.

Also taken as fact for the purpose of this motion are the proffered statements of defendant Hagen. He was not trained to deal with crowds off-duty without a large backup of police officers, to handle racially tense incidents or in community relations. Furthermore, he was never tested as to changes in the law and police procedures or as to his psychological fitness to remain a police officer. Finally, the Police Officer's Handbook fails to mention that the improper use of force will result in the institution of disciplinary proceedings.

Taking all of plaintiff's evidence against City defendants as true, it cannot be inferred that City defendants were grossly negligent or deliberately indifferent to plaintiff's constitutional rights. In light of City defendants uncontradicted evidence that extensive screening, training, monitoring and disciplinary programs are utilized

by the Police Department in selecting, preparing and supervising police officers, including defendant Hagen, no single allegation made by plaintiff indicates gross negligence on the part of City defendants toward plaintiff. Taken as a whole, plaintiff's allegations also fail to create a genuine issue of material fact as to City defendants' gross negligence. In light of the other training and supervision received by police officers, including defendant Hagen, City defendants' failure to train police officers as alleged by plaintiff and the handbook omission noted previously do not indicate deliberate indifference to plaintiff's constitutional rights.

■ Significant to this conclusion is defendant Hagen's off-duty status at the time of the alleged incident. Immediately prior to the altercation, defendant Hagen was travelling in his private automobile on personal business. The altercation was caused by a collision between two automobiles privately owned by plaintiff and defendant Hagen. The issue, therefore, is whether City defendants' training, supervision and discipline of police officers, including defendant Hagen, were so grossly negligent that it was inevitable that an off-duty officer involved in a minor automobile collision would attempt to arrest and then severely beat a person in plaintiff's position.

Beating an individual with a revolver is rarely, if ever, an appropriate act by a police officer. Certainly very little, if any, training is required to teach a police officer that he may not, while off-duty, beat private individuals with a weapon, even during an arrest at which a crowd is gathering and the officer becomes nervous. Even assuming plaintiff's specific allegations, it is uncontroverted that defendant Hagen received other training and supervision concerning lawful arrest procedures and the proper use of force. This training and supervision was sufficient to protect City defendants from liability for gross negligence in the instant proceeding where a single spontaneous act by an off-duty police officer with no prior history of improper violence is, alleged.

■ The Court agrees with plaintiff that an isolated incident can be the basis for a municipality's section 1983 liability. As stated in *Owens v. Haas,*

> "the city's citizens do not have to endure a 'pattern' of past police misconduct before they can sue the city under section 1983 . . . [A] municipality is fairly considered to have actual or imputed knowledge of the almost inevitable consequences that arise from the nonexistent or grossly inadequate training and supervising of a police force."

601 F.2d at 1246–47, *quoting Leite v. City of Providence, supra,* 463 F.Supp. at 590–91.

The facts as stated by plaintiff, however, do not constitute grossly inadequate training and supervision on the part of City defendants such that they had actual or implied knowledge that plaintiff's beating at the hands of an off-duty police officer was inevitable. Furthermore, under no set of facts alleged by plaintiff can it be inferred that City defendants' actions or inactions constituted official acquiescence in plaintiff's beating as in *Owens v. Haas, supra.*

Similar to this case is *Feldman v. City of New York,* 493 F.Supp. 537 (S.D.N.Y.1980). In *Feldman* plaintiff alleged that he was arrested by two police officers, taken to the police station and beaten without cause. In an action under 42 U.S.C. § 1983 plaintiff sued the arresting officer, the City of New York and Police Commissioner McGuire. In support of their motion for summary judgment City defendants submitted an affidavit by Chief Veyvoda similar to the affidavit submitted in the instant case. Judge Lasker granted the motion in favor of City defendants, finding that the Veyvoda affidavit established that City defendants were not grossly negligent in their training, supervising and disciplining of police officers. Judge Lasker concluded,

> Even the most minimal training (if any is necessary) obviously is sufficient to inform a policeman that beating a prisoner is impermissible; the training and supervision described in Chief Veyvoda's affidavit are clearly sufficient to justify the

conclusion that neither the City nor the Commissioner was remiss in the employment or training of [the arresting officer].

493 F.Supp. at 539. Similarly, only minimal training is needed to inform a police officer that off duty beatings of citizens are impermissible.

Plaintiff's assertions that City defendants are liable for defendant Hagen's conduct are based on the mere conclusory allegations in his pleadings; he has failed to meet his burden under Rule 56(e) to plead "specific facts showing that there is a genuine issue for trial." There being no genuine issue of material fact between the parties, I conclude that City defendants are entitled to judgment as a matter of law, and the complaint against them is hereby dismissed.