Michael **STEIN** and Paul Rusnak, Plaintiffs,

v.

**DISTRICT OF COLUMBIA**, et al., Defendants.

Civ. A. No. 82–3230.

United States District Court, District of Columbia.

Jan. 12, 1983.

Thomas J. Gagliardo, Gagliardo & Silber, Takoma Park, Md., for plaintiffs.

Candida Staempfli, Asst. Corp. Counsel for the District of Columbia, Washington, D.C., with Judith W. Rogers, Corp. Counsel, and John H. Suda, Deputy Corp. Counsel, Washington, D.C., on brief, for defendants.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is a motion by defendants Marion Barry and the District of Columbia to dismiss the complaint, the response of defendant Maurice T. Turner joining in the motion, plaintiffs' opposition to the motion, plaintiffs' motion for leave to file an amended complaint, and the entire record herein. Defendants contend that plaintiffs have failed to state a cause of action under 42 U.S.C. § 1983 or directly under the Constitution either against the District of Columbia because they have not alleged that the occurrence which formed the basis of their complaint resulted from an official policy or custom of the city, or against Mayor Barry or Police Chief Turner because they do not allege that these individuals were in any way personally involved in the alleged constitutional deprivation. Plaintiffs propose to amend their complaint to drop Mayor Barry and Chief Turner as defendants and to allege that the underlying activities resulted from an official policy or custom of the District.

■ With respect to plaintiffs' claim under 42 U.S.C. § 1983, it is clear that neither the District nor Mayor Barry nor Chief Turner can be sued on a theory of *respondeat superior. Monell v. Department of So-* cial Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Numerous Courts of Appeal have applied this principle to actions brought directly under the Constitution. *See, e.g., Tarpley v. Greene,* 684 F.2d 1 (D.C.Cir.1982); *Ellis v. Blum,* 643 F.2d 68 (2d Cir.1981); *Dean v. Gladney,* 621 F.2d 1331 (5th Cir.1980), *cert. denied,* 450 U.S. 983, 101 S.Ct. 1521, 67 L.Ed.2d 819 (1981). It could be argued, on the other hand, that *because* the doctrine is unavailable to reach certain parties under § 1983 that it *should* be available in actions brought directly under the Constitution, in order to provide a remedy for a right that now lacks one. *See Tarpley v. Greene,* 684 F.2d 1, 10 n. 24 (D.C.Cir.1982) (dictum).

■ Nonetheless, plaintiffs here have proposed to drop their claim against Mayor Barry and Chief Turner and to allege an official policy or custom of the District, thus bringing their action within the allowed contours for § 1983. The effect of this is to bring into play a somewhat different question—whether a claim can be brought directly under the Constitution where relief is already available under § 1983. Although the Supreme Court has not expressly resolved the question, a number of circuit courts have held that the availability of relief under § 1983 *does* preclude relief directly under the Constitution, *see, e.g., Williams v. Bennett,* 689 F.2d 1370 (11th Cir.1982); *Ward v. Caulk,* 650 F.2d 1144 (9th Cir.1981); *Turpin v. Mailet,* 591 F.2d 426 (2d Cir.1979) (en banc), a view which this Court finds well-reasoned.

Accordingly, it is, by the Court, this 12th day of January, 1983,

ORDERED, that, pursuant to Fed.R. Civ.P. 15(a), leave shall be given to plaintiffs to amend their complaint to drop Marion Barry and Maurice Turner as defendants and to allege the implementation of an official policy or custom of the District of Columbia, and it is

FURTHER ORDERED, that defendants' motion to dismiss the complaint is denied as moot, and it is

FURTHER ORDERED, that plaintiffs' claims directly under the Constitution are dismissed for failure to state a claim upon which relief can be granted, inasmuch as plaintiffs have also asserted claims under 42 U.S.C. § 1983.