**Roger CLAYTON, Plaintiff,**

v.

**The CITY OF NEW YORK, Defendant.**

**No. 82 Civ. 1482 (SWK).**

United States District Court,
S.D. New York.

Oct. 25, 1984.

Conrad J. Lynn, Spring Valley, N.Y., for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel by James F.X. Hiler, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon the motion by defendant for judgment in its favor either on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, or as summary judgment, pursuant to Rule 56(b). For the reasons stated below, defendant's motion is granted.

## BACKGROUND

Plaintiff Roger Clayton is a citizen of the United States and the State of New York, and is of the Black race.

The defendant, the City of New York ("the City"), is a municipal corporation organized under the laws of the State of New York.

This case arises out of an incident which allegedly occurred on September 22, 1979. Plaintiff alleges that on that day, at approximately 3:15 p.m., he was lawfully in his own residence—a room located at 109 East 9th Street. "Police officers" came to his residence and asked plaintiff to let them in, which plaintiff did. Thereafter, he alleges, the police officers beat him without cause or provocation. Plaintiff alleges that he was beaten unconscious, then handcuffed and taken to the police station. Upon regaining consciousness, plaintiff was allegedly beaten again with "clubs, blackjacks and rubber hoses." Plaintiff was allegedly hospitalized the following evening.

On September 24, 1979, plaintiff was arraigned on charges of criminal trespass, criminal mischief, sexual abuse, possession of burglary tools, menacing, and resisting arrest. Plaintiff was released on his own recognizance after arraignment. The charges were dismissed in Criminal Court, New York County on January 22, 1980.

■ On March 10, 1982, plaintiff filed the complaint in this action, alleging that the beating was racially motivated and a deprivation of his civil rights under color of law in violation of 42 U.S.C. § 1983.[1] Plaintiff did not name any of the police officers as defendants herein; the City was named as the sole defendant.

On March 18, 1982, plaintiff filed an amended complaint ("the first amended complaint") which included an allegation that a Notice of Claim had been served on the City. Apart from the added reference to the Notice of Claim, the first amended complaint was identical to the original complaint.

In November, 1982, the City moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) on the theory that the first amended complaint sought to hold the City liable on a theory of *respondeat superior* and was therefore legally insufficient to state a claim upon which relief could be granted under 42 U.S.C. § 1983 and *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (holding that municipalities are not liable for acts of their employees solely on theory of *respondeat superior*).

In response to that motion, on November 29, 1982, plaintiff filed, among his opposition papers, a further amended complaint ("the second amended complaint"). As a basis for the filing of the second amended complaint, plaintiff urged that "Rule 15(a) of the Federal Rules of Civil Procedure provides that the privilege to amend is freely afforded the plaintiff." Plaintiff further

---

1. Plaintiff argues that his claim is also based independently upon the Eighth and Fourteenth Amendments. Since a right of action against municipalities lies directly under section 1983, there is no direct right of action against municipalities under the Eighth and Fourteenth Amendments. *See Turpin v. Mailet*, 591 F.2d 426 (2d Cir.1979) (en banc); *Feldman v. City of New York*, 493 F.Supp. 537, 538 (S.D.N.Y.1980).

argued that he was "prepared to demonstrate that the actions of the law enforcement officers ... were part of a general practice of the police officers of the City of New York, when dealing with a minority persons such as black men." Specifically, plaintiff's second amended complaint alleges:

> That the police officers and other law enforcement officers deprived the plaintiff of his civil rights as hereinabove stated, pursuant to a long established custom of law enforcement officers in the City of New York, to violently injure and destroy the civil rights of Black men as a policy of intimidation, and with the expectation of enforcing order and preventing protest. That the responsible officials of the City of New York, including the Mayor and Police Commissioner, did not have any program which would alter this long standing practice and custom of the law officers of the City of New York.

Second Amended Complaint, ¶ 9.

Thereafter, the City moved to dismiss the second amended complaint pursuant to Rules 7(b)(1), 12(b)(6), and 15(c) of the Federal Rules of Civil Procedure. The City argued that plaintiff's attempt to amend the complaint (again) without either leave of the court or the consent of the defendant, and without a noticed motion, was procedurally defective. Moreover, the City argued that the "new" claim against the City was fundamentally different from that asserted in the first amended complaint. As such, the claim would not, the City argued, relate back to the filing of the original complaint, pursuant to Fed.R. Civ.P. 15(c). If the claim did not relate back, it was barred by the applicable statute of limitations, and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

This Court recognized that the manner in which plaintiff had proceeded in amending his complaint was technically defective and perhaps inartful; however, in the interests of justice the Court construed plaintiff's filing of the second amended complaint as a motion for leave to do so. The Court held further that the "same basic facts" were involved in the different complaints and that the statute of limitations had not run. The Court, therefore, granted plaintiff leave to file the second amended complaint and denied defendant's motion to dismiss. The Court, however, directed the City to file a motion for summary judgment on the issue of pattern and practice. The Court further stated that "[p]laintiff must allege facts sufficient to raise genuine disputes of material fact. The bare allegations of his complaint are insufficient. If discovery is needed plaintiff must proceed forthwith to seek discovery." This motion ensued.

## DISCUSSION

Plaintiff's claim against the City is comprised of three distinct allegations. First, plaintiff claims that he was brutally beaten by police officers. Second, plaintiff claims that this beating was part of a "long established custom ... to violently injure and destroy the civil rights of Black men." Third, plaintiff claims that the City does not have any program to "alter this long standing practice and custom." Only one of these allegations, the first, contains any assertion of facts. The City argues that these allegations, on their face, are insufficient to state a claim under Section 1983 and that it is therefore entitled to judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

The starting point for any discussion of the liability of a municipality under 42 U.S.C. § 1983 is *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Means v. City of Chicago*, 535 F.Supp. 455, 458 (N.D.Ill.1982). In *Monell*, the Supreme Court explicitly overruled *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and held that a municipality is a "person" within the meaning of section 1983, and, therefore, *may* be liable for constitutional deprivations. The Court held, however, that a municipality could not be found liable under traditional concepts of vicarious liability, like *respondeat superior*, based upon the tortious acts of others. *See Monell*, 436 U.S. at 691, 98 S.Ct.

at 2036; *see also Means,* 535 F.Supp. at 458. To state a cause of action under section 1983 against a municipality, *Monell* requires the plaintiff to assert that the alleged unconstitutional act "implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers [or is] visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." 436 U.S. at 690–91, 98 S.Ct. at 2035–36. This Circuit has held that those requirements are met where a municipality "impliedly or tacitly authorized, approved or encouraged conduct that resulted in a constitutional tort." *Turpin v. Mailet,* 619 F.2d 196, 201 (2d Cir.), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 577, 66 L.Ed.2d 475 (1980) (*"Turpin II "*).

The courts of this circuit have held that greater particularization and specificity are required in the pleadings in order to adequately assert a cause of action against a municipality under section 1983. *See Finkelstein v. City of New York,* 543 F.Supp. 161, 163 (S.D.N.Y.1982); *Smith v. Ambrogio,* 456 F.Supp. 1130, 1136–37 (D.Conn. 1978) (*citing Fine v. New York,* 529 F.2d 70, 73 (2d Cir.1975)). In *Smith,* then District Judge Newman justified the stricter pleading requirements as follows:

> The standard for municipal liability predicated on inaction by senior personnel must be frankly acknowledged as difficult to meet. A claim of this sort should not be initiated unless there is a sufficient factual basis to justify the extensive litigation that such a claim entails. The typical § 1983 suit against a police officer for his allegedly unconstitutional action generally involves a single episode. Discovery and trial are entirely manageable. But a claim of municipality liability based on an alleged policy re-

flected by a pattern of prior episodes will inevitably risk placing an entire police department on trial. Sweeping discovery will be sought to unearth episodes in which allegedly similar unconstitutional actions have been taken, and the trial will then require litgiation of every episode occurring in the community that counsel believes can be shown to involve a similar constitutional violation. Even if a trial is warranted by a complaint that does allege overt acts with requisite particularity, (citations omitted) neither a federal court nor a municipality should be burdened with such an action unless a detailed pleading is presented.

456 F.Supp. at 1137.

■ The second amended complaint in this case sets forth no facts whatsoever except those concerning the incident in which Clayton was allegedly deprived of his rights and even those are presented extremely sketchily. It is generally necessary to assert more facts than those related to the one incident involved to establish a claim of "pattern and practice." *Finkelstein,* 543 F.Supp. at 163. An exception to this rule is to be found in cases analogous to *Owens v. Haas,* 601 F.2d 1242 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979), where this Circuit held that a single brutal beating may be sufficient to support an inference of some degree of official condonation or acquiescence, but this is not such a case.[2]

■ No *facts* are alleged to support the naked allegation that a "long established custom" exists. Indeed, not even a single other incident is detailed. Furthermore, no *facts* are alleged supporting the bare assertion that "the responsible officials ... did not have any program which would alter this long standing practice and custom." This is clearly insufficient under the precedent in this Circuit. *See Smith,* 456

---

2. In *Owens* the Court held that the premeditated nature of the beating, and the number and rank of the officers involved could support a direct inference of official condonation. 601 F.2d at 1246. Here there is no allegation that high-ranking officers were involved. Moreover, an isolated incident within the New York City Police Department cannot support a direct inference of official condonation. Thus, the *Owens* exception is not applicable here. *See also Finkelstein,* 543 F.Supp. at 163 n. 3.

F.Supp. at 1137; *see also Schramm v. Krischell*, 84 F.R.D. 294, 298 (D.Conn.1979) ("the complaint must make reference in detail to specific incidents of misconduct by government officials and must extrapolate from these incidents to indicate the particular manner in which the governmental body, by omission or commission, has placed its imprimatur upon the actions of its officers").

This Court directed plaintiff to proceed forthwith with discovery to uncover the specific facts, if any exist, which would warrant a particularized claim against the City. *See Owens v. Haas*, 601 F.2d at 1246 (granting limited discovery and an opportunity to amend the complaint to include specific facts). Plaintiff conducted some limited discovery pursuant to that Order, but has not bolstered the insufficient factual allegations contained in his second amended complaint. Therefore, defendant should be granted judgment on the pleadings.

Alternatively, defendant should be granted summary judgment. Rule 12(c) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.

The City submitted an Affidavit of Rosemary Carroll, Assistant Commissioner for Civil Matters of the New York City Police Department, in support of its motion. Plaintiff's attorney submitted an affirmation in opposition to the motion. The Court did not exclude these matters; indeed, the Court has reviewed them and finds in them support for its decision. Therefore, (although perhaps overkill) the Court will address defendant's arguments for summary judgment.

A motion for summary judgment should be granted if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law on those undisputed facts. *See, e.g., Harlee v. Hagen*, 538 F.Supp. 389, 393 (E.D.N.Y.1982); Fed.R.Civ.P. 56(c). Pursuant to Rule 3(g) of the Local Civil Rules for the Southern District of New York, the City submitted its statement of the material facts as to which it contends there are not genuine issues. Among those material facts listed, the City contends that

4. Any injuries sustained by plaintiff were not proximately caused by any official or unofficial policy, custom, pattern, practice or usage of the defendant.

5. The defendant has met all legal responsibilities with regard to the training and supervision of its police officers.

Essentially, the City has refuted plaintiff's allegations, contained in paragraph 9 of the second amended complaint, as to the existence of a pattern or practice and as to the inadequacy of the Police Department's training and supervision or the lack of a program to remedy the purported custom. Mrs. Carroll's affidavit provides evidence that no authorized custom exists and that the City performs extensive screening, training, monitoring, and disciplinary programs to select, prepare, and supervise police officers in order to insure that unnecessary force is not used, especially in furtherance of a purported policy to injure Black men.

■ In order to defeat a motion for summary judgment, the opposing party must demonstrate that an issue of material fact exists. *See Harlee*, 538 F.Supp. at 393. In order to do this, the opposing party must assert specific *facts* through affidavits, pleadings, depositions or admissions on file which place the moving party's asserted facts in issue. *Id.* This Court indicated in its earlier Order that the "bare allegations of [plaintiff's] ... complaint are insufficient." *See also* Fed.R.Civ.P. 56(e). Speculation or conclusory allegations are not enough. *See Harlee*, 538 F.Supp. at 393 (*citing Gatling v. Atlantic Richfield Co.*, 577 F.2d 185, 187–88 (2d Cir.), *cert. denied*, 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1978)).

■ Plaintiff has failed to allege additional facts to bolster the insufficient as-

severations contained in his second amended complaint. The only additional fact raised by plaintiff in response to defendant's motion for summary judgment is a recitation that approximately one-third of the complaints of brutality received by the Complaint Review Board of the New York City Police Department in 1982 were from black persons. That figure would seem to be reasonably consistent with the proportion of black persons in the population at large. Certainly, that fact is insufficient to raise a genuine issue regarding the existence of any extensive series of programs used by defendant to insure adequate training and supervision of its police force.

■ Having determined that there are no issues of material fact, it remains to be determined whether defendant is entitled to judgment as a matter of law. As discussed above, in order to assert a claim against the City under section 1983, plaintiff must show that the City had a policy or custom, officially or unofficially, condoning the unconstitutional acts of its employees. *E.g., Monell*, 436 U.S. 658, 98 S.Ct. 2018; *Turpin II*, 619 F.2d 196. Plaintiff argues that the Court is imposing an impossible burden upon him by requiring him "to show a practice of assaulting members of the black minority" to hold *the City* liable. That, however, is the law under *Monell*.[3]

■ Plaintiff has not, and cannot, show that an express policy was being implemented during the alleged unprovoked and malicious beating he received. Plaintiff can only argue that defendant's alleged inaction or inadequate training and supervision was tantamount to tacit acquiescence in some custom. In order to succeed on

such a claim, plaintiff must be able to establish "gross negligence" or "deliberate disregard." *Owens v. Haas*, 601 F.2d at 1246; *Feldman v. City of New York*, 493 F.Supp. at 538. Such would be the case if "[t]he training and supervising of [the offending] ... police officers [were] ... so inadequate and the resulting misconduct so probable, that the city can fairly be considered to have acquiesced in the probability of serious police misconduct." *Id.* (*quoting Leite v. City of Providence*, 463 F.Supp. 585, 591 (D.R.I.1978)). The undisputed facts in this case do not support such a finding. The Carroll Affidavit establishes that the practices and procedures of the police department with respect to hiring, training, and supervising police officers are not inadequate. Moreover, as Judge Lasker said in *Feldman*, "[e]ven the most minimal training (if any is necessary) obviously is sufficient to inform a policeman that beating a prisoner is impermissible." 493 F.Supp. at 539. Clearly, the undisputed training and supervision described in Assistant Commissioner Carroll's affidavit are sufficient to justify the conclusion that the City does not condone such conduct.

Thus, the City is entitled to judgment as a matter of law both on the face of the pleadings and upon the undisputed facts of this case. Therefore, defendant's motion for judgment on the pleadings or summary judgment must perfo₋ce be GRANTED. Since the City is the only defendant in this action,[4] the case is hereby DISMISSED. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

3. Plaintiff also argues that *Monell* was limited by *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 673 (1980). *Owen*, involved the absence of an immunity, under section 1983, to a municipality for decisions of its high ranking officials, themselves protected by a good faith immunity, which deprive an individual of his constitutional rights. *Owen* is, therefore, distinguishable. At the very least, the alleged conduct of the police officers here was not protected by any immunity from liability. *Compare Owen*, 445 U.S. at 651, 100 S.Ct. at 1415. Moreover, the decision of the high rank-

ing officials in *Owen* effected an express policy for the municipality so that the liability of the municipality was entirely consistent with *Monell. See Owen*, 445 U.S. at 657–58, 100 S.Ct. at 1418–19 (*citing Monell*, 436 U.S. at 694, 98 S.Ct. at 2037).

4. Plaintiff has not, at any time, attempted to name the individual police officers as defendants against whom a viable claim might have been asserted.