10-0158-cv
Fenner v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand ten.

PRESENT:
>       DEBRA ANN LIVINGSTON,
>       GERARD E. LYNCH,
> 	        *Circuit Judges*,
>       WILLIAM K. SESSIONS III,*
> 	        District Judge.

_____

Braxton Fenner,

> _____*Plaintiff-Appellant*,

>       v.                                                        10-0158-cv

City of New York,

> 	*Defendant-Appellee*.

_____

---

*The Honorable William K. Sessions III, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:        Braxton Fenner, South Colonie, NY.

FOR APPELLEE:         Michael A. Cardozo, Corporation Counsel for
                      the City of New York; Julie Steiner, Senior
                      Counsel, Appeals Division, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*)

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Braxton Fenner, an attorney proceeding *pro se*, appeals the judgment of the district court granting the City of New York's motion for summary judgment, and dismissing his Fourth Amendment claims for unlawful search and seizure.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abrams, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Air Lines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999).  "In determining whether there are genuine issues of material fact, we are 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'"  *Terry v. Ashcroft*,

2

336 F.3d 128, 137 (2d Cir. 2003).

Fenner, who brought suit only against the City of New York, and not against any individual defendants, advances two claims of error on appeal. He asserts, first, that, contrary to the district court's decision, he can proceed directly against the City on his Fourth Amendment claims, and, second, that he presented sufficient evidence to prevail on those claims at summary judgment. Both of these arguments are unavailing.

We have long held that "when [42 U.S.C.] § 1983 provides a remedy, an implied cause of action grounded on the Constitution is not available." *Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 865 (2d Cir. 1981). Thus, because, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), a local government like the City can be liable under § 1983 for violations of the Fourth Amendment, Fenner was required to bring his Fourth Amendment claims under that statute, and could not proceed directly against the City under the Constitution. *See Turpin v. Mailet*, 591 F.2d 426, 427 (2d Cir. 1979) (en banc) (per curiam) (holding that, following *Monell*, a plaintiff could not proceed directly against a municipality under the Fourteenth Amendment).

That Fenner's claims were cognizable only under § 1983 meant that, to survive summary judgment, he was obligated to produce evidence sufficient to satisfy the requirements of *Monell*; i.e., facts showing "(1) an official policy or custom that (2) cause[d

3

him] to be subjected to (3) a denial of a constitutional right."
*Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983); *accord*
*Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).
Here, Fenner alleged only that certain New York City Police
Department officers entered his apartment and seized him in
violation of his Fourth Amendment rights; he pled no facts, nor
offered any evidence, to show that these actions occurred
pursuant to a City policy or practice. Fenner's claims thus
failed as a matter of law, and the district court correctly
granted the City's motion for summary judgment.[1]

We have considered all of Fenner's remaining claims of error
and found them to be without merit. Accordingly, for the
foregoing reasons, the judgment of the district court is hereby
**AFFIRMED**.

---

[1] Although we might ordinarily afford a *pro se* party greater leniency as to the pleading and evidentiary requirements of a municipal liability claim under *Monell*—and, in this respect, possibly construe such a complaint as also raising claims against the individual police officers, so as to avoid the need to prove a policy or practice—Fenner is not a typical *pro se* litigant. He is an attorney proceeding *pro se* and is thus not accorded the same degree of leniency. *See Harbulak v. County of Suffolk*, 654 F.2d 194, 198 (2d Cir. 1981) (an attorney appearing *pro se* "cannot claim the same special consideration which the courts customarily grant to *pro se* parties"); *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (same). Indeed, the record shows that Fenner previously served as an Assistant District Attorney for Kings County, New York, and thus should be expected to be familiar with the requirements for proving a municipal liability claim under § 1983.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk