Diego **SANTIAGO**, Plaintiff,

v.

Captain R. **YARDE**, Defendant.

No. 78 Civ. 4954.

United States District Court, S. D. New York.

March 25, 1980.

Diego Santiago, pro se.

Allen G. Schwartz, Corp. Counsel, New York City, by Joseph F. Bruno, Maralyn Fairberg, New York City, of counsel.

## OPINION AND ORDER

SOFAER, District Judge:

This is an action by a prison inmate under 42 U.S.C. § 1983. Defendant has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Both parties have submitted affidavits with their motion papers. Accordingly, defendant's motion will be treated as one for summary judgment. Fed.R.Civ.Proc. 12(c); 56.

Plaintiff Diego Santiago was admitted to the Bronx House of Detention on November 23, 1977, while awaiting trial on a charge of murder. He was later convicted and sentenced to twenty years to life imprisonment and transferred to a state institution on September 8, 1978. He is presently incarcerated at the Great Meadow Correctional Facility in Comstock, New York.

His complaint, filed *pro se*, is brought against R. Yarde, Correction Captain at the Bronx House of Detention. Plaintiff claims that during his incarceration in the Bronx, on August 22, 1978, defendant Yarde supervised a search of the personal property of the prisoners in Tier 4 West, a dormitory area in which plaintiff was housed. Plaintiff objected to the manner in which defendant and his subordinate officers searched his belongings and alleges that he asked for Yarde's name and shield number so that he could bring his objections before the Prisoner Grievance Committee. At de-fendant's order, plaintiff was forcibly removed from Tier 4 West and placed in segregation.

Plaintiff alleges that "abusive" force was employed in removing him from the area; he has submitted affidavits from two fellow inmates supporting this allegation in general terms. One prisoner says simply that he saw plaintiff "BEING PHYSICALLY ABUSED"; the other says he heard plaintiff ask for defendant's shield number. Plaintiff asserts that he sustained bruises to his arms and legs as a result of this incident. He later was charged with instigating other inmates to rebel and disobeying Captain Yarde's order to pack his belongings and leave the floor. That charge was sustained and plaintiff was reprimanded and received a sentence of four days confinement in punitive segregation. Nothing in the record indicates that plaintiff ever in fact presented his own charge of mistreatment to the Grievance Committee.

Plaintiff claims violations of his Eighth and Fourteenth Amendment rights. He seeks $50,000 damages for the physical force employed in placing him in segregation, his suffering and his mental torment.

Captain Yarde and the five other corrections officers involved in the search of Tier 4 West also have submitted affidavits describing the incidents. These affidavits are consistent with each other, but differ from plaintiff's version of the events in certain respects. Plaintiff contends that "abusive" or "reckless" force was applied in removing him from Tier 4 West. Defendant's affidavits unequivocally deny the use of any force beyond that necessary to escort plaintiff from the area. Additionally, plaintiff asserts that, since his removal was prompted by his requests for name and shield numbers, the subsequent "attack" against him was unprovoked. Defendant's affidavits state that plaintiff was escorted from the floor because he was instigating trouble among the other inmates, and refused to leave voluntarily at defendant's order.

Plaintiff's allegations of "abusive force" and "unprovoked attack" are conclusory assertions of ultimate facts and as such are

ordinarily entitled to little evidentiary weight. *Askew v. Bloemher*, 548 F.2d 673, 679 (7th Cir. 1976). However, the relative weight accorded to either party's assertions on these issues is unimportant here, since no controversy exists with respect to the material and dispositive facts. Reading plaintiff's complaint with the generosity appropriate in *pro se* civil rights actions, and accepting all of his statements concerning this incident as true, plaintiff has failed to state a cause of action.

 The Second Circuit has recognized that:

> The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

*Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). Plaintiff's constitutional protection is not co-extensive with that afforded by the common law tort action for battery. In order to succeed on his Section 1983 claim, plaintiff must demonstrate that the defendant correction officer's acts were so abusive as to "shock the conscience;" "[t]here must be present 'circumstances indicating an evil intent, or recklessness, or at least deliberate indifference to the consequences of his conduct for those under his control or dependent upon him.'" *Arroyo v. Schaefer*, 548 F.2d 47, 49 (2d Cir. 1977), quoting from *Williams v. Vincent*, 508 F.2d 541, 543–44, 546 (2d Cir. 1974).

The limited and minor nature of plaintiff's alleged injuries provides insufficient support for plaintiff's claim that he was maliciously abused by defendant. He does not claim he was struck, or kicked in any way, or that he received or sought medical treatment. This is not a case where a prisoner was hospitalized or seriously injured as a result of a vituperative confrontation with a correction officer. *Compare Martinez v. Rosado*, 614 F.2d 829 (2d Cir. 1980). An allegation of unspecified bruises on the arms and legs does not "shock the conscience" in the context of this case, where plaintiff does not controvert the defendant's claim that he and the other correction officers were engaged in a good faith effort to maintain order and discipline during an institutional search procedure. Furthermore, although plaintiff claims in his memorandum of law that he "exhorted" the prisoners to cooperate with the guards, defendant's allegations that plaintiff had incited disobedience were accepted by the prison authorities as a proper basis for imposing a punishment on plaintiff. (PX–G) Under the circumstances, and in the absence of allegations of serious injury, it is unnecessary and unjustifiable to afford plaintiff a trial on his vague, conclusory allegations of misconduct.

Defendant is hereby granted summary judgment in his favor, without costs and with prejudice.

So ordered.