William BATES a/k/a Benjamin S. McKinnon, Jr., Plaintiff,

v.

Robert WESTERVELT, New York City Department of Correction, Defendants.

No. 79 Civ. 1907.

United States District Court, S. D. New York.

Aug. 26, 1980.

William Bates, pro se.

Law Office of Richard Hartman by Peter J. Sherman, New York City, for defendant, Robert Westervelt.

Allen G. Schwartz, Corp. Counsel by Jeffrey M. Klein, New York City, for defendant, New York City Dept. of Correction.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Defendants Department of Correction and Police Officer Westervelt move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and for dismissal pursuant to Rule 12(b) of the F.R.C.P. Defendants contend that plaintiff William Bates has failed to state a claim upon which relief can be granted and has failed to prosecute his action. The court concludes that plaintiff has not alleged any basis upon which defendants can be held liable; therefore, defendants' motion is granted and the complaint is dismissed against both the Department of Correction and Police Officer Westervelt.

Plaintiff Bates is an inmate currently serving a sentence at Great Meadow Correctional Facility in New York. On February 21, 1979, plaintiff was brought to 111 Centre Street, New York City, for a line–up in the District Attorney's office. Plaintiff was held under the custody of the New York City Department of Correction. Plaintiff alleges that his arresting officer, Police Officer Westervelt, entered the inmate holding area and struck one of the inmates in the face. Plaintiff alleges that he then yelled for help and was himself hit in the ribs by Officer Westervelt. A Correction Officer came late into the holding area to see what was happening, but left when Officer Westervelt told him nothing was wrong. Plaintiff alleges he was examined by a physician, but plaintiff offers no medical records concerning any injury he might have sustained.

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his civil rights by the Department of Correction and Officer Westervelt. It is plaintiff's contention that the Correction Officer who entered the holding area was negligent in not noticing something was wrong and that this negligence resulted in a violation of his civil rights.

Even accepting plaintiff's allegations as true, the Department of Correction cannot be held liable for the acts of individual employees under a theory of *respondeat superior*. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *see Owen v. City of Independence, Missouri*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980). Therefore, even if the act by the Correction Officer could be found negligent, the Department cannot be liable for its employee.

 However, the Department may be liable if the conduct of the Correction Officer is part of the policy or custom, formal or informal, of the Department. Plaintiff does not allege that the Correction Officer's conduct was part of any department policy. More than the mere allegation of a single act by one officer is required to even suggest that any sort of policy is in force, however, informal. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Smith v. Ambrogio*, 456 F.Supp. 1130 (D.Conn.1978).

Nor has plaintiff alleged any gross negligence or deliberate indifference in the Department's supervision of its employees. Under *Owens v. Haas*, 601 F.2d 1242 (2d Cir.), *cert. denied*, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979), the Department might be liable for its own actions if its personnel were so poorly trained that the civil rights of inmates were jeopardized, or if the Department was deliberately indifferent to violations of inmates' rights by its employees. In the case at hand, however, there is nothing to indicate that the Correction Officer had prior knowledge that Officer Westervelt would strike the plaintiff. Nor has plaintiff alleged a pattern of past assaults by police officers upon inmates held in this area. At the very least, plaintiff must "suggest a link" between the act of one Correction Officer and a failure of proper supervision by the Department. *Id.* at 1246.

Finally, it is difficult to understand how any act or omission on the part of the Correction Officer could have deprived plaintiff of his civil rights. Plaintiff allegedly had been struck by Officer Westervelt before the Correction Officer entered the area. Plaintiff does not allege that Officer Westervelt caused any other harm after the Correction Officer left, and plaintiff himself admits he received medical attention following the incident.

 As to plaintiff's claim against defendant Officer Westervelt, it cannot be construed to rise to the level of a constitutional violation. Not every tort creates a § 1983 claim for remedy. While an assault by a law enforcement officer upon an inmate may be a serious deprivation of that inmate's rights, it is necessary to determine if there was a need for the use of force, the amount of force used, and the extent of injury. *Johnson v. Glick*, 481 F.2d 1028 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 32 (1973). Plaintiff has offered no evidence as to the extent or existence of any injury he received from Officer Westervelt. Neither side has alleged any circumstances which would have required the use of force against plaintiff. However, applying the standard of *Johnson*, it does not appear that Officer Westervelt's conduct "crossed the constitutional line" so as to have deprived plaintiff of his constitutional rights. *Fowler v. Vincent*, 452 F.Supp. 449 (S.D.N.Y.1978).

In summary, plaintiff has alleged no basis upon which either the Department of Correction or Police Officer Westervelt can be held liable under § 1983. For all the reasons stated above, defendants' motions to dismiss are granted.

So ordered.