BLYTHE INDUSTRIES, INC. and Vanguard Construction Corp. (as assignees of Blythe-Vanguard Construction Corp.), Plaintiffs,

v.

PUERTO RICO AQUEDUCT AND SEWER AUTHORITY and F.M.C. Corp. (Peerless Pump Division), Defendants.

No. 82 Civ. 7421 (DNE).

United States District Court, S.D. New York.

May 6, 1985.

Tunstead, Schechter & Torre, New York City (Jonah C. Grill, New York City, of counsel), for plaintiffs.

Symmers, Fish & Warner, New York City (William Warner, New York City, of counsel), for defendant F.M.C. Corp.

## OPINION AND ORDER

EDELSTEIN, District Judge:

Defendant F.M.C. Corp., Peerless Pump Division, ("FMC") has moved for summary judgment pursuant to Fed.R.Civ.P. 56(b). For the reasons set forth below, defendant's motion is granted.

## FACTUAL BACKGROUND

On November 9, 1982, Blythe Industries, Inc. and Vanguard Construction Corp. ("plaintiffs"), commenced this action against FMC for $49,449.00 in losses allegedly caused by defects in certain effluent pumping systems. The systems were supplied by FMC to plaintiffs' predecessor in interest, Blythe-Vanguard Construction Corp. ("Blythe-Vanguard") for use during construction of additions to the Puerto Rico Nuevo Sewage Treatment Plant ("The Project").[1] In a subsequently filed action before Judge Knapp, *Peerless Pump v. Blythe-Vanguard Construction Corporation and Richard A. Tunstead*, 83 Civ. 3166 (WK) (S.D.N.Y. filed April 25, 1983), Peerless Pump, a division of Thyssen-Bornemisza, Inc. ("Peerless-TBI"), sought to

recover $18,711.00 from plaintiffs' assignors, Blythe-Vanguard,[2] for two impellers, components of the effluent pumping systems they supplied Blythe-Vanguard for use during The Project. Blythe-Vanguard counterclaimed in the suit before Judge Knapp for $49,449.00, the exact amount plaintiffs seek in the complaint before this court, for damages caused by defects in the effluent pumping systems.

FMC, the defendant herein, sold its Peerless Pump division to the Indian Head subsidiary of TBI, the plaintiff in the case before Judge Knapp, in July of 1976. For purposes of this motion and of adjudicating any liability owing to plaintiffs, FMC and Peerless-TBI are the same. *See* Plaintiffs' Response to Defendant's Rule 3(g) statement, submitted March 11, 1985 ("Plaintiffs' Rule 3(g) Statement"), at ¶ 3.

On September 27, 1983, FMC moved in this action for dismissal of the complaint, pursuant to Fed.R.Civ.P. 12(c) or, alternatively, for summary judgment, pursuant to Fed.R.Civ.P. 56(b), on the ground that plaintiffs' claims were barred by the statute of limitations. On March 29, 1984, this court denied FMC's motion on the ground that the court needed a fuller record to determine the applicable statute of limitations.

On January 15, 1985, Judge Knapp dismissed Blythe-Vanguard's counterclaim against Peerless-TBI as barred by the statute of limitations. Judge Knapp held that the transaction for the effluent pumping systems involved the sale of goods, for which the applicable statute of limitations is four years under New York's Uniform Commercial Code § 2–725. Blythe-Vanguard has not appealed this decision, Plaintiffs' Rule 3(g) Statement at ¶ 5, and, be-

---

**1.** Plaintiffs also sued Puerto Rico Aqueduct and Sewer Authority ("PRASA") for breach of construction contract. By order dated February 18, 1983, the court dismissed plaintiffs' claims against PRASA for lack of personal jurisdiction and improper venue. Causes of action one through five and eleven apply only to PRASA. Causes of action six through ten apply only to FMC and are the subject of this motion.

**2.** Blythe-Vanguard is the corporation that contracted with PRASA for construction of The Project. Blythe-Vanguard has assigned to plaintiffs herein all right, title and interest to all monies due and owing under the construction contract and to all claims arising out of the contract. Thus, the rights of Blythe-Vanguard and those of plaintiffs to recover for defects in the effluent pumping systems are identical.

cause judgment was entered on February 20, 1985, the time to appeal has expired. On February 27, 1985, FMC moved this court for an order, pursuant to Fed.R. Civ.P. 56, dismissing the complaint as barred by the statute of limitations. FMC contends that plaintiffs are collaterally estopped from rearguing the merits of the statute of limitations question.

## DISCUSSION

As a preliminary matter, the court's March, 1984 determination that it needed a fuller factual record to determine which statute of limitations applies does not now bind the court to deny the motion for summary judgment. The law of the case doctrine is not a limit on the court's power, but merely expresses the practice of courts generally to refuse to reopen what has been decided. *Erie Conduit Corp. v. Metropolitan Asphalt Paving Ass'n*, 560 F.Supp. 305, 307 (E.D.N.Y.1983). As the Court of Appeals for the Second Circuit has held, a district court judge always has the power to change a previous ruling which denied a motion for summary judgment. *Corporacion De Mercadeo Agricola v. Mellon Bank*, 608 F.2d 43, 48 (2d Cir.1979). In this case, the court now has the benefit of the fuller factual record developed by Judge Knapp on the same issue between virtually the same parties. Moreover, in view of the intervening authority embodied by Judge Knapp's opinion, the court is justified in reconsidering its earlier determination.

Given that the court is not bound by its previous ruling denying the motion for summary judgment, the next question is whether plaintiffs are collaterally estopped from relitigating the merits of the statute of limitations question reached by Judge Knapp. Under the doctrine of collateral estoppel, once an issue of law or fact is resolved against a party by a court, that party, or one in privity with that party, generally may not relitigate the matter in another lawsuit. *LaRocca v. Gold*, 662 F.2d 144, 148 (2d Cir.1981). Although the disposition of Blythe-Vanguard's claim by Judge Knapp was by summary judgment based on affidavits, rather than a full trial, his decision nonetheless may have res judicata or collateral estoppel effect. *Jackson v. Hayakawa*, 605 F.2d 1121, 1125 n. 3 (9th Cir.1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1601, 63 L.Ed.2d 787 (1980); *In re Falstaff Brewing Corp. Antitrust Litig.*, 441 F.Supp. 62, 66 (E.D.Mo.1977). For plaintiffs to be precluded, FMC must establish the following: (1) plaintiffs were a party or in privity with a party to the action before Judge Knapp; (2) Judge Knapp made a final determination on the merits of the statute of limitations issue; (3) the statute of limitations issue was necessary, material and essential to the outcome of the prior action; (4) the issue in this suit is identical to the issue actually determined by Judge Knapp; and (5) plaintiffs had a full and fair opportunity to contest the issue before Judge Knapp. *See Montana v. United States*, 440 U.S. 147, 153–55, 99 S.Ct. 970, 973–75, 59 L.Ed.2d 210 (1979); *LaRocca v. Gold*, 662 F.2d 144, 148 (2d Cir.1981); *Weiss v. Feigenbaum*, 558 F.Supp. 265, 275 (E.D.N.Y.1982).

Plaintiffs contend that the issue decided by Judge Knapp is not identical to the issue presently before this court, because the facts are different. Plaintiff asserts: "In the case before Judge Knapp, the purchase order issued by Blythe-Vanguard to Peerless-TBI was for replacement units only. The contract between Blythe-Vanguard and FMC [the defendant herein] and the purchase order issued by Blythe-Vanguard to Peerless-TBI are separate and distinct transactions to which different statutes of limitations apply." Affidavit of Jonah Grill, submitted March 11, 1985, at ¶ 4.

Under Rule 56(c), the burden is on FMC, the moving party, to show that no genuine issue of fact exists. However, plaintiffs, the non-moving party, "may not rest on mere conclusory allegations to show that an issue exists which should be resolved at trial." *Taylor v. Mayone*, 574 F.Supp. 609, 612 (S.D.N.Y.1983). Because FMC has not sufficiently supported its contention that there were separate transactions in this

case, nor has it stated any reason why a different statute of limitations should apply even if this is a "separate transaction," the court rejects FMC's opposition to the motion for summary judgment. Based on the statements submitted by the parties pursuant to local rule 3(g), the affidavits, memoranda and the proceedings herein, the court finds no disputed issue of material fact and further finds that the statute of limitations issue before Judge Knapp is "identical" to the issue presently before this court.

As noted above, FMC earlier moved to dismiss plaintiffs' claims in this action on the ground that they are time-barred. In opposition to the motion, plaintiffs submitted the affidavit of Edward P. Meehan, Vice President of plaintiff Vanguard Construction Corp. and former Sub Treasurer of Blythe-Vanguard. Affidavit of Edward P. Meehan, submitted September 22, 1983 ("Meehan Affidavit I"). Mr. Meehan had overall responsibilities for The Project and was to be plaintiffs' chief witness at trial. *See* Joint Pre-Trial Order, submitted June 25, 1984 at 5. In a section of the affidavit designated "fact chronology," Mr. Meehan sets forth the facts surrounding plaintiffs' claims against FMC for the defective effluent pumping systems. Meehan Affidavit I at ¶¶ 3–18. Blythe-Vanguard submitted an identical affidavit in opposition to the motion before Judge Knapp to dismiss Blythe-Vanguard's claims as time barred. Affidavit of Edward P. Meehan, submitted January 6, 1984, *Peerless Pump v. Blythe-Vanguard Construction Corp.*, 83 Civ. 3166 (WK) (S.D.N.Y. filed April 25, 1983) ("Meehan Affidavit II"). The "fact chronologies" contained in the two affidavits are identical. *See* Meehan Affidavit II at ¶¶ 2–20; *see also* Reply Affidavit of Edward P. Meehan, submitted September 30, 1983, at ¶¶ 3–4 (setting forth additional facts relevant to the statute of limitations

question that are identical to the facts set forth at paragraphs 18–19 of Meehan Affidavit II). Plaintiffs' counsel's conclusory allegation that the transactions are materially different is insufficient to overcome the overwhelming evidence that the transactions at issue in the two cases are the same. Mr. Meehan's "fact chronology" does not delineate two separate transactions. Nor does he at any point distinguish between "replacement units" and any other type of effluent pumping systems supplied by FMC.[3] It is noteworthy that plaintiffs' counsel has not submitted a new affidavit from Mr. Meehan, or anyone else with personal knowledge of the facts underlying plaintiffs' claims, to support his contention that there were two separate and distinct transactions.

The "fact chronologies" in the two Meehan affidavits set forth the following sequence of events. By reason of change order no. P.R.–2, dated April 22, 1975, Blythe-Vanguard was directed to furnish and install size 48HH pumps, with ductile iron impellers, as manufactured by the Peerless Pump Division of FMC. Based on such direction, Blythe-Vanguard purchased the effluent pumping systems from FMC. It is unclear from the "fact chronologies" exactly when the effluent pumping systems were delivered. Both Meehan "fact chronologies" aver that the effluent pumping systems were delivered "in the early part of 1977." Meehan Affidavit I at ¶ 10; Meehan Affidavit II at ¶ 9. Judge Knapp found this fact crucial in determining whether the statute of limitations had expired, because under New York law, the statute of limitations on a claim for breach of contract of sale accrues upon tender or delivery of the item. *Peerless Pump v. Blythe-Vanguard Construction Corp.*, No. 83-3166, slip op. at 6 (S.D.N.Y. Jan. 15,

---

**3.** Judge Knapp at page two of his opinion and order refers to a March 23, 1981 agreement between Blythe-Vanguard and Peerless-TBI, in which Blythe-Vanguard agreed to purchase two spare impellers provided Peerless-TBI furnished a replacement impeller at its own expense. Judge Knapp held that the March, 1981 negotiations, "which purported to effect a reservation

of [Blythe-Vanguard's] claims were insufficient to revive the limitations period." *Peerless Pump v. Blythe-Vanguard Construction Corp.*, No. 83-3166, slip op. at 7 (S.D.N.Y. Jan. 15, 1985). Blythe-Vanguard had a full and fair opportunity to litigate the revival issue before Judge Knapp and is precluded from rearguing it here.

1985).  Accordingly, by Memorandum and Order dated July 31, 1984, Judge Knapp ordered, *inter alia,* Blythe-Vanguard to inform the court as to "the precise date on which delivery was tendered for the original impellers." [4]  In response to this order, Blythe-Vanguard's counsel informed the court on August 21, 1984, that "the original impellers were delivered sometime in October, 1976, the precise date being presently unknown."  Defendants' Response to Court's Request for Information, submitted August 21, 1984 at ¶ 1, *Peerless Pump v. Blythe-Vanguard Construction Corp.,* 83 Civ. 3166 (WK) (S.D.N.Y. filed April 25, 1983).[5]  Plaintiffs have not informed this court that a different delivery date applies to the transaction at issue in this case.  Based on the affidavits and proceedings herein, the court finds that the same delivery date applies to this case.

Plaintiffs further contend that Judge Knapp dismissed Blythe-Vanguard's counterclaim, not only because he found it to be time barred, but also because he found that the counterclaim did not arise from the same transactions and occurrences upon which Peerless-TBI's complaint was predicated.  This contention pertains to collateral estoppel requirements three and four listed above.  The court finds this contention, however, spurious.  Judge Knapp clearly "dismissed the counter-claim as time barred."  *Peerless Pump v. Blythe-Vanguard Construction Corp., supra,* slip op. at 8.  Blythe-Vanguard also asserted a separate ground for recovery under New York's equitable recoupment provisions.  N.Y.Civ.Prac.Law § 203(c) (McKinney 1972).  This provision allows a defendant to "interpose, as a recoupment, any claim arising out of the same transaction, even though an independent action by the defendant on the claim would be time barred."  *Id.* practice commentary by J. McLaughlin, at 119 (McKinney 1972).  Thus, in order for Judge Knapp to reach the recoupment claim, he first had to find

that Blythe-Vanguard's claims were time-barred.  The statute of limitations issue was thus necessary, material and essential to the outcome of the action before Judge Knapp.  This finding precludes plaintiffs from rearguing before this court that their independent action is not barred by the statute of limitations.

The court finds that all five collateral estoppel requirements have been satisfied.  Plaintiffs were a party or in privity to a party to Judge Knapp's final determination on the merits of the statute of limitations issue.  The statute of limitations questions are identical in the two actions.  Finally, the statute of limitations issue was necessary to the outcome of the action before Judge Knapp and plaintiffs had a full and fair opportunity to contest the issue.

### CONCLUSION

Defendant's motion for summary judgment, pursuant to Fed.R.Civ.P. 56(b) is granted in all respects.  The complaint is hereby dismissed with prejudice and without costs to either party.

SO ORDERED.

---

**4.**  Judge Knapp's grant of leave to file additional information is further support for FMC's contention that Blythe-Vanguard had a full and fair opportunity to argue the merits of the statute of limitations question before Judge Knapp.

**5.**  In the action before Judge Knapp, Blythe-Vanguard was represented by Jonah C. Grill, the same attorney who represents plaintiffs herein.