**Gerald C. ENGLES, Plaintiff,**

v.

**Marron HOPKINS (Warden) and New York City Department of Corrections Officer Camille, # 6924, Defendants.**

**No. 88 Civ. 5799 (RWS).**

United States District Court,
S.D. New York.

April 6, 1989.

### MEMORANDUM OPINION

SWEET, District Judge.

On December 9, 1988 plaintiff *pro se* Gerald C. Engles ("Engles") served a summons and complaint on defendant Marron Hopkins ("Hopkins"), Warden of the Queens House of Detention for Men ("HDM"). Hopkins served his answer on December 27, 1988 and moved to dismiss the complaint on February 23, 1989. Hopkins's motion to dismiss the complaint in its entirety is granted.

Engles brought suit for damages pursuant to 42 U.S.C. § 1983 alleging a deprivation of his Eighth and Fourteenth Amendment rights. Engles claims that on July 26, 1988, during his incarceration, he sustained injuries to his back, head and arm inflicted by a New York City Corrections Officer. He brings suit against Hopkins in his capacity as Supervisor of the correction-

---

**496**

al facility, "the Warden of the facility is Marron Hopkins his part in my claim is that I'm incarcerated in a N.Y.C. correctional facility which he runs as head Warden." (Complaint p. 3–4).

Supervisory officials cannot be held liable under 42 U.S.C. § 1983 based solely on a theory of *respondeat superior. Rizzo v. Goode,* 423 U.S. 362, 370–71, 377, 96 S.Ct. 598, 603–04, 607, 46 L.Ed.2d 561 (1976); *Duchesne v. Sugarman,* 566 F.2d 817, 830 (2d Cir.1977); *McKinnon v. Patterson,* 568 F.2d 930, 934 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed.2d 792 (1978); *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.1973), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Engles must show that Hopkins was directly and personally involved in the alleged wrongful acts of the New York City Corrections Officer. *Williams v. Vincent,* 508 F.2d 541, 546 (2d Cir.1974); *Bates v. Westervelt,* 502 F.Supp. 94, 96 (S.D.N.Y.1980); *McKinnon v. Patterson,* 568 F.2d at 934. Plaintiff makes no such showing nor any allegations of Hopkins's personal involvement in the alleged incident. Engles has therefore failed to state a claim for which relief can be granted.

Absent a cognizable federal claim, no independent jurisdictional basis exists for plaintiff's state law claim. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed. 2d 218 (1966). Thus Engles's failure to state a federal claim is grounds for dismissal of any pending state claims against Hopkins. The complaint is dismissed in its entirety. Hopkins's motion is granted.

It is so ordered.