23-8033-cv
*Richards v. New York City Health + Hosps. Corp.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of October two thousand twenty-five.

PRESENT:
BARRINGTON D. PARKER,
SUSAN L. CARNEY,
*Circuit Judges.**

_____

Alroy Richards,

*Plaintiff-Appellant,*

v.                                                                          **23-8033**

New York City Health + Hospitals Corporation,

*Defendant-Appellee.*\*\*

_____

**FOR PLAINTIFF-APPELLANT:**    ALROY RICHARDS, *pro se*, Valley Stream, NY.

**FOR DEFENDANT-APPELLEE:**    MELANIE T. WEST, Of Counsel (Jamison Davies, Of Counsel, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Alroy Richards, *pro se*, appeals from the district court's judgment dismissing his employment discrimination action for failure to state a

---

\* This case was originally assigned to a three-judge panel, but one member of the panel was unavailable to participate in consideration of the matter. The remaining members of the panel, who are in agreement, decided this case pursuant to Second Circuit Internal Operating Procedure E(b).

\*\* The Clerk's office is directed to amend the caption as reflected above.

2

claim.  From 2018 to 2020, Richards worked on a two-year contract as a Hospital Care Investigator at the Coney Island Hospital (the "Hospital"), part of the New York City Health + Hospitals Corporation ("NYCHH").  After his contract expired and was not renewed, Richards sued NYCHH, bringing claims under Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment, and the New York State Human Rights Law ("NYHRL"), as well as a state law breach of contract claim. He alleges that he experienced discrimination and a hostile work environment on account of his race and nationality, as well as retaliation for engaging in Title VII-protected activities.  The district court dismissed his Title VII and Fourteenth Amendment claims pursuant to Federal Rule of Civil Procedure 12(b)(6), concluding that Richards had not plausibly alleged any Title VII claims and had explicitly withdrawn his 42 U.S.C. § 1983 *Monell* claims.[1]  *See Richards v. N.Y. City*

---

[1] The district court analyzed Richards's New York State Human Rights Law ("NYHRL") claim under Title VII, because, as the court correctly noted, the election of remedies doctrine would have barred consideration of that claim. *Richards v. N.Y. City Health & Hosps. Corp.*, 21-CV-6027, 2023 WL 7611560, at *6 n.10 (E.D.N.Y. Nov. 14, 2023); *see also York v. Ass'n of Bar of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002) ("NYHRL . . . claims, once brought [in a local administrative proceeding], may not be brought again as a plenary action in another court.").

*Health & Hosps. Corp.*, 21-CV-6027, 2023 WL 7611560 (E.D.N.Y. Nov. 14, 2023).[2] The court declined to exercise supplemental jurisdiction over his remaining state law breach of contract claim. *Id.* at *12. We assume the parties's familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review a dismissal for failure to state a claim *de novo*." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). "A complaint survives a Rule 12(b)(6) motion to dismiss if the facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief." *Id.* Although "we are required to assume the truth of the 'well-pleaded factual allegations' in the complaint, that obligation is 'inapplicable to legal conclusions,' such as '[t]hreadbare recitals of the elements of a cause of action' that are 'supported by mere conclusory statements.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (alteration in original)). Because Richards has proceeded *pro se* throughout, we "liberally construe" his pleadings and briefs, "reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023).

---

[2] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

4

## I. Title VII Employment Discrimination and Hostile Work Environment Claims

The district court concluded that Richards's complaint failed to state employment discrimination or hostile work environment claims under Title VII. We agree.

Under Title VII, an employer may not "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin[.]" 42 U.S.C. § 2000e–2(a)(1). "[F]or a discrimination claim to survive a motion to dismiss, 'absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff [(1)] is a member of a protected class, [(2)] was qualified, [(3)] suffered an adverse employment action, and [(4)] has at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). The parties do not dispute that Richards was a member of a protected class, nor that he was qualified for the position. Accordingly, the questions are whether Richards plausibly

5

alleged an adverse employment action, and if he did, whether he set forth facts sufficient to support an inference of discriminatory motive.

Here, regardless of whether Richards plausibly alleged an adverse employment action, the district court was correct in concluding that he failed to claim that NYCHH's alleged actions were motivated by discriminatory intent. "In this Circuit, the '*sine qua non*' of a national origin or race-based discrimination suit is that the 'discrimination must be *because of* [the plaintiff's protected characteristic.'" *Id.* at 82 (quoting *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (per curiam)) (alteration in original). Accordingly, "[t]o state a claim that the discrimination was 'because of' the protected characteristic at issue, 'a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by [either] alleging facts that *directly* show discrimination *or* facts that *indirectly* show discrimination by giving rise to a plausible inference of discrimination.'" *Id.* at 83 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015)) (alteration in original). Richards has done neither.

Richards's complaint states that he is a Black man from Jamaica residing in

the United States as a lawful permanent resident. He claims that NYCHH discriminated against him based on his race and national origin. His complaint alleges no facts directly showing discrimination. Instead, Richards attempts to support an inference of discrimination by relying on a comparison between himself and his colleagues. Specifically, Richards claims that he was hired as a Hospital Care Investigator in a five-person cohort, which included himself, two white women born in Russia, one Black woman born in the United States, and one Black woman who, like Richards, was born in Jamaica. While Richards's complaint alleges that only he and his colleague born in Jamaica failed to have their two-year contracts renewed, the complaint goes on to claim that Richards was treated *differently* than his colleague. Richards states that his Black and Jamaican-born colleague received a "'send off' party," App'x at 380, ¶ 71, while Richards was immediately escorted out of the building upon being informed of the non-renewal of his contract. He observes that "[n]o such derogatory treatment w[as] meted out to [her], nor [to] anyone, except[] [Richards]." App'x at 380, ¶ 71; *see also* App'x at 371, ¶ 41 (alleging that his colleague "did not [undergo] any such Discrimination, nor same worse [sic] treatment[]"). Given Richards's assertions

7

that his colleague—who shared his relevant protected characteristics—was treated differently, the district court correctly concluded that Richards failed to allege facts supporting an inference of discrimination.

For the same reason, the district court properly concluded that Richards failed to state a hostile work environment claim under Title VII. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 (2d Cir. 2014) ("It is axiomatic that mistreatment at work, whether through subjection to a hostile environment or through [other means], is actionable under Title VII only when it occurs because of an employee's . . . *protected characteristic*, such as race or national origin." (alteration in original)).

**II.    Title VII Retaliation**

Richards also fails to state a retaliation claim under Title VII.  "To establish a presumption of retaliation at the initial stage of a Title VII litigation, a plaintiff must present evidence that shows (1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action."  *Littlejohn*, 795 F.3d at 315–16.  An employee engages in a protected activity when he opposes a practice that violates Title VII, or when he

8

"ma[kes] a charge, testifie[s], assist[s], or participate[s] in any manner" in a Title VII investigation. 42 U.S.C. § 2000e–3(a).

Here, Richards failed to plausibly allege that he engaged in a protected activity. "An employee's complaint may qualify as protected activity" so long as he "had a good faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). But "[a] plaintiff's belief on this point is not reasonable simply because he . . . complains of something that appears to be discrimination in some form." *Id.* at 15. Richards's allegations as to the numerous internal complaints he made to the Hospital during his two years on the job are too vague to show what practices he opposed, let alone whether he had a good faith, reasonable belief that those practices were unlawful under Title VII. And though Richards's complaint references reporting unspecified "discrimination," App'x at 375, ¶ 54, "[b]ecause there is no indication" in his internal complaints "that [Richards] believed that [his race or nationality] had anything to do with [his] treatment or that defendants could have understood [his] statements as such, [he] has failed to establish a *prima facie* case for retaliation under Title VII[.]" *Kelly*, 716

F.3d at 17.

Richards also alleged that his manager threatened him with termination due to his unrelated lawsuit against New York City. But, as the district court noted, Richards did not allege that his lawsuit involved employment practices made unlawful by Title VII. Instead, his complaint stated that his employer was aware that Richards had "legal matters pending, against the City of New York, but unrelated to [the Hospital]." App'x at 365, ¶ 15. That is not an adequately pleaded protected activity.

Finally, as the district court observed, Richards failed to plausibly allege retaliation as to the filing of his EEOC and New York State Division of Human Rights complaints, because both complaints were filed after his contract with the Hospital had ended, and no adverse employment action followed.

**III.    Section 1983 and Breach of Contract**

The first paragraph of Richards's operative complaint states that he had "removed" his § 1983 *Monell* claims. App'x at 361, ¶ 1. The district court thus correctly declined to consider his claims made directly under the Fourteenth Amendment. *See Turpin v. Mailet*, 591 F.2d 426, 427 (2d Cir. 1979) (en banc) (holding that, following *Monell*, a plaintiff cannot proceed directly against a

10

municipality under the Fourteenth Amendment and must instead use the § 1983 vehicle). Finally, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Richards's remaining state law claim for breach of contract. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).

We have considered Richards's remaining arguments and conclude they are without merit.[3] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] To the extent that Richards attempts to raise new state law tort claims, a Title VII disparate-impact claim, and an Age Discrimination in Employment Act claim on appeal, he did not present those claims to the district court, and thus we decline to consider them now. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").